IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL D. MYERS,

                      Plaintiff,                   Case No. 3:07 CV 1529

      -vs-

                                                      MEMORANDUM OPINION

DONALD R. HENSLEY, et al.,

                      Defendant.

KATZ, J.

This matter is before the Court on the Report and Recommendation ("R&R") of the United States Magistrate Judge Vernelis K. Armstrong (Doc. 25), and the objections to the R&R filed by Defendants Donald R. Hensley, Fred R. Rowe, and the Village of Alger, Ohio. (Doc. 29). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), this Court has made a *de novo* determination of those of the Magistrate's findings to which Defendants object.

**I. Background**

Defendants claim that res judicata principles preclude Plaintiff from litigating the issues in this case. The relevant background described in the July 31, 2008 R&R of Magistrate Judge Armstrong is accurate and hereby incorporated as follows:

**THE PARTIES**
Plaintiff is a resident of the Village of Alger in Hardin County, Ohio (Docket No. 1, ¶ 4). Defendant Village of Alger is a municipal corporation organized under the political subdivision laws for the State of Ohio (Docket No. 1, ¶ 5).
      Defendant Donald R. Hensley is the mayor of the Village of Alger and was the mayor at all times relevant to these proceedings (Docket No. 1, ¶ 6). He is sued in his individual and official capacities.

Defendant Fred J. Rowe was the Chief of Police for the Village of Alger at all times relevant to these proceedings (Docket No. 1, ¶ 7). He is sued in his individual and official capacities.

## FACTUAL AND PROCEDURAL BACKGROUND

The findings of fact established in three cases filed by Plaintiff against the Village of Alger and Mayor Donald Hensley are relevant to the disposition of Defendants' Motion for Judgment on the Pleadings.

1.  *Myers v. Village of Alger*, Case No. 3:01 CV 7194 (*Myers I*).

On August 22, 1995, Eva Bradley transferred real properly located at 108 East Belmont, on the southern border of Alger, Ohio, between Hardin County Road 35 on the East and Ohio State Route 235 on the West to Plaintiff's wife Diana A. Myers (Docket No. 31, ¶ 6 and Exhibit A). During the course of ownership, Plaintiff and Diana A. Myers erected buildings in the alley that abuts the Belmont Street property. In August 1997, Plaintiff Diana A. Myers and several other property owners whose parcels abutted the alley, filed in Hardin County Common Pleas Court, a petition to vacate the alley to the extent of their ownership in the abutting alley (Docket No. 31, Exhibit B). The trial court found, *inter alia*, that the Plaintiffs had not sustained the burden of satisfying the court that it would be conducive to the interests of the municipal corporation to vacate the alley; however, the portion of the alley on which permanent structures were erected by Plaintiff and Diana A. Myers was vacated and ownership vested in Plaintiff and Diana A. Myers to the extent of their ownership in the abutting property (Docket No. 31, Exhibit A).

The Court of Appeals affirmed the trial court's finding that the Village of Alger had not abandoned or vacated the subject alley and had exercised some control over the alley and that the alley, including portions that were occupied by permanent structures, was not subject to any claim of adverse possession (Docket No. 31, Exhibit B). The Supreme Court of Ohio declined jurisdiction on September 12, 1999, and denied reconsideration on November 11, 1999. Plaintiffs filed a cause of action on April 19, 2001, seeking compensatory and punitive damages for violations of the Fifth and Fourteenth Amendments and racial discrimination (Docket Nos. 1 and 31). The mayor was terminated as a party and this Court granted the Village of Alger judgment as a matter of law (Docket Nos. 35, 42 & 51). The United States Court of Appeals affirmed this Court's judgment (Docket No. 75).

2.  *Myers v. Village of Alger, Ohio*, Case No. 3:05 CV 07278 (*Myers II*).

The following facts were adduced from testimony at a combined temporary and preliminary injunction hearing and trial on the merits of Plaintiff and Diana Myer's refusal to tie into the Village of Alger's new water system (Docket No. 23).

The Village of Alger commenced the construction of a new water system to replace its 77 year old network of water lines in 1990. Completion of the project spanned more than ten year due to "bungled state grant applications". On September 11, 2000, a Board of Public Affairs established by the Village of Alger Council passed but failed to adopt a resolution that the master plan be changed so

2

the water line ran under Belmont Street. The Myer property was located on Belmont Street and it was situated in an area affected by the final phase of the pipe replacement project. The Myer property was served by the village's old water system and to connect to the new water system would require Plaintiff and Diana Myers to run a new pipe from the back of their house to the new village water line in the alley, not Belmont Street, at a cost of approximately $2,000.

In March 2005, Plaintiff complained to the Ohio Environmental Protection Agency (OEPA) that the village had laid a new water pipe in a north-south alley near his property too close to a sewer pipe. In April of 2005, the village's chief of police served Plaintiff with a citation for trespassing in a construction zone in an alley. The citation was incorrectly completed so the prosecutor did not pursue the matter. On June 6, 2005, the village council voted to require Plaintiff to hook into the new water pit in the alley. On June 28, 2005, Plaintiff received notice of the village council's decision. He was also apprised that he had to comply with the decision prior to July 8, 2005. The new water pit was installed in early July, 2005.

On July 7, 2005, Plaintiffs filed a lawsuit in federal court seeking declaratory and injunctive relief as well as compensatory damages. United States District Court Judge David A. Katz determined that judgment in favor of the Village of Alger was appropriate on all of Plaintiff's claims. An appeal to the United States Court of Appeals was dismissed for want of prosecution.

3. *Myers v. Hensley,* Case No. 3:07CV[1529] (*Myers III*).

Prior to the commencement of a water line replacement project in Alger, Ohio, Plaintiff observed that the energy needed to deliver the water was insufficient (Docket No. 1, ¶ 14). There was no open ditch or heavy equipment being operated in the vicinity where testing of the water main was scheduled to occur (Docket No. 1, ¶ 16). As a result of Plaintiff's communication with OEPA about the installation of the water main in March 2005, Defendant Village was ordered to relocate the water main away from a sewer manhole (Docket No. 1, ¶s 8, 9 & 10).

On April 25, 2005, Plaintiff unlawfully entered the construction zone where the water main was being relocated (Docket No. 1, ¶ 11). On September [1]9, 2005, Defendant Rowe served Plaintiff with a complaint resulting from his unlawful presence at the construction zone(Docket No.1, ¶ 17). On May 24, 2006, a jury found Plaintiff not guilty of unlawfully entering the construction zone (Docket No.1, ¶ 22).

Plaintiff filed a complaint in this Court on May 24, 2007, alleging that Defendants Hensley, Rowe and the Village of Alger retaliated because Plaintiff exercised his First Amendment rights and Defendant Hensley failed to (1) adopt proper policies that would insure proper training for Defendant Rowe and (2) report Defendant Rowe's appointment to the function of peace officer pursuant to OHIO REV. CODE §109.761 (Docket No. 1, ¶s 23, 25, 26 & 27). Plaintiff requests that he be awarded compensatory and punitive damages as well as injunctive relief to prevent Defendants from harassing him or enlisting the aid of others to harass him (Docket No. 1, ¶ 33).

3

> In the Motion for Judgment on the Pleadings, Defendant seeks an order barring Plaintiff from relitigating issues that could have been raised in *Myers I* and/or *Myers II.*

(Doc. 25 at 1-5).

Magistrate Judge Armstrong recommends that this Court deny Defendants' motion for judgment on the pleadings because Defendants have "failed to satisfy the burden of proving that the necessary elements required to invoke claim preclusion exist. Consequently . . . issue preclusion [does not] prevent[] Plaintiff from pursuing a claim of retaliation or failure to train against Defendants Village, Hensley or Rowe." (Doc. 25 at 9).

Defendants filed a timely objection to the R&R on August 8, 2008 requesting that this Court not adopt the R&R, but rather grant Defendants' motion for judgment on the pleadings, or in the alternative, grant the motion as it relates to Defendants in their official capacity and dismiss Defendants from this case with prejudice. (Doc. 29 at 5).

For the following reasons, this Court agrees with the Magistrate Judge's finding that Defendants have failed to establish the necessary elements of claim preclusion. Therefore, the Court hereby adopts the R&R in full.

**II. Standard of Review**

    **A. Review of an R&R**

Any party may object to a magistrate judge's proposed findings, recommendations, or report made pursuant to Fed. R. Civ. P. 72(b). The district judge to whom the case was assigned may review a report or specified proposed findings or recommendations of the magistrate judge, to which proper objection is made, and may accept, reject, or modify in whole or in part the findings

4

or recommendations of the magistrate judge. Fed. R. Civ. P. 72.3(b). This Court has made a *de novo* review of Magistrate Judge Armstrong's findings. *Hill,* 656 F.2d 1208.

### B. Judgment on the pleadings

After the pleadings are closed, Fed.R.Civ.P. 12(c) permits any party to move for judgment on the pleadings as long as trial is not delayed as a result. A 12(c) motion employs essentially the same standard as a 12(b)(6) motion. *United Food & Commer. Workers Local 1099 v. City of Sidney*, 364 F.3d 738, 746 (6th Cir. 2004)*; Spivey v. Ohio*, 999 F.Supp. 987, 991 (N.D.Ohio 1998). Specifically, "a district court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (quoting *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 512 (6th Cir. 2001)). However, it is unnecessary for the court to "accept as true legal conclusions or unwarranted factual inferences." *Kottmyer*, 436 F.3d at 688.

## III. Claim preclusion

"Claim preclusion is the doctrine by which a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or raising a new defense to defeat a prior judgment." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). "It precludes not only relitigating a claim previously adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Id.* (citing *Stern v. Mascio*, 262 F.3d 600, 608 (6th Cir. 2001)).

The following four elements must be present in order for claim preclusion to arise: (1) the prior decision was a final decision on the merits; (2) the present action is between the same parties

or their privies as those to the prior action; (3) the claim in the present action should have been litigated in the prior action; and (4) an identity exists between the prior and present actions. *Id.* (citing *Kane v. Magna Mixer Company*, 71 F.3d 555, 560 (6th Cir. 1995).

The Magistrate Judge, in recommending Defendants' motion be denied, found that although Defendants satisfied the first element of claim preclusion, Defendants failed to satisfy the remaining three elements. Specifically, Magistrate Judge concluded that: (1) it is undisputed that a court of competent jurisdiction rendered final decisions on the merits in *Myers I* and *Myers II*; (2) Defendants Rowe and Hensel in their official capacities are not in privity with their individual capacities; (3) Plaintiff's retaliation and failure to warn claims in *Myers III* accrued after *Myers II* became decisional and after this Court held a bench trial in *Myers II*; and (4) the evidence from *Myers I* and *Myers II* regarding the installation of a water main on Plaintiff and his spouse's real property is not necessary to sustain the proof needed to demonstrate Plaintiff's retaliation or failure to train claims in *Myers III*.

Defendants objects to the Magistrate Judge's findings on the second, third, and fourth elements of claim preclusion. With regard to the second element, Defendants argue that the Village, Rowe, and Hensley met all of the required elements of claim preclusion in their official and individual capacities. With regard to the third and fourth elements, Defendants argue that the retaliation claim Plaintiff makes in *Myers III* could and should have been litigated in *Myers II*, and that there was an identity between the two actions.

**1. Same Parties or Privies**

"The second element of claim preclusion operates to bar successive claims among the same parties or their privies." *Mitchell*, 343 F.3d at 819. "Claim preclusion can be used to bind a

6

non-party only if the non-party was in privity with a party to the prior action." *Asahi Glass Co., Ltd. v. Toledo Engineering Co., Inc.*, 505 F.Supp.2d 423, 434 (N.D.Ohio 2007) (citing *Becherer v. Merrill Lynch, Pierce, Fenner & Smith*, 43 F.3d 1054, 1069 (6th Cir. 1995)). "A privy is defined as: 1) a non-party who has succeeded to a party's interest in property. . . ; 2) a non-party who controlled the original suit; or 3) a non-party whose interests were adequately represented by a party in the original suit. . ." *Id.*

Here, in *Myers I* and *Myers II*, only Defendant Village was sued. Thus, in *Myers III*, Defendant Village is the "same party" for the purposes of claim preclusion. Furthermore, a suit against a public employee in his or her official capacity is a suit against the agency itself. *Id.* at 822. Thus, Defendants Rowe and Hensley *in their official capacities* are in privity with Defendant Village. Nonetheless, with regard to Defendants Rowe and Hensley's *individual capacities*, the Court applies the rule of differing capacities, which states that:

> [a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity. Restatement Second of Judgments § 36(2) (1982). The rule of differing capacities generally operates to allow a subsequent individual capacity suit against a governmental official even where a prior suit alleged an official capacity claim against the same official. See Wilkins v. Jakeway, 183 F.3d 528, 534-35 (6th Cir. 1999) (recognizing the distinction between individual and official capacity claims and applying the rule of differing capacities-albeit without explicitly referring to the rule).

*Mitchell*, 343 F.3d at 823. Thus, under the rule of differing capacities, Plaintiff is permitted to file suit against Defendants Rowe and Hensley in their individual capacities. *Id.* at 823. As a result, the Court concludes that each of the defendants have satisfied the second element of claim preclusion as it relates to their official capacities only.

7

However, the Court emphasizes that in order to preclude Plaintiff's claims in *Myers III*, Defendants must satisfy all four elements of claim preclusion. Defendants have satisfied the second element only as it relates to their official capacities. However, and as explained below, Defendants, in their official and individual capacities, fail to satisfy the third and fourth elements of claim preclusion. Thus, Plaintiff's suit may go forward against Defendants in their official and individual capacities.

### B. Should Have Been Litigated in the Prior Action

"The central purpose of claim preclusion is to prevent the relitigating of issues that were or could have been raised in [a prior] action." *Mitchell*, 343 F.3d at 823 (internal quotes omitted) (citing *Federated Dep't Stores, Inc., v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). The Magistrate Judge concluded that, although retaliation claims against Defendant Village could have been raised in *Myers II*, the retaliation claims asserted in *Myers III* against Defendants Rowe and Hensley accrued on September 19, 2005, when Defendants served Plaintiff with the summons and complaint. The summons and complaint were served well over a month after the Court had conducted a bench trial on the merits in *Myers II*. Furthermore, after a brief stay that expired on September 29, 2005, *Myers II* was decisional. (Doc. 25 at 8).

Defendants object to the Magistrate's conclusion and state that the following facts show that the retaliation claim against Defendants Hensley and Rowe could have been litigated in *Myers II*: (1) Plaintiffs' prayer for relief in *Myers II* included a demand for compensatory relief for the "retaliatory actions of the defendant"; (2) the Court granted Plaintiffs' August 30, 2005 motion to stay *Myers II* until September 29, 2005 which stated an intention to file for leave to amend the complaint; and (3) Plaintiff's complaint in *Myers III* recites a fact that was also alleged in *Myers*

8

*II*: "[o]n April 21, 2005, Defendant Rowe under the direction of Defendant Hensley came to Plaintiff's residence and attempted to serve Plaintiff for an alleged violation . . ." The Court shall address each of these facts in turn.

With regard to the first fact, while it is true that Plaintiff's prayer included a demand for compensatory relief for the "retaliatory actions of the defendant," the only defendant in *Myers II* was the Village. This complaint was served on July 7, 2005, over two months before Defendants served Plaintiff with the complaint and summons that is the subject of *Myers III*. With regard to the second fact, while it is true that Plaintiff's motion to stay *Myers II* stated an intention to amend the complaint, the sentence following this intention offered the reason: "[Village] has now disconnected the water service to Plaintiff." Plaintiff filed the motion to stay on August 8, 2005, over a month before Defendants served Plaintiff with the complaint and summons. On July 29, 2005, this Court held a bench trial in *Myers II*. The minutes stated that the Court had taken the matter under advisement. It would be wholly inappropriate to conclude that, after this, Plaintiff could have litigated a retaliation claim against Defendants Hensley and Rowe when Plaintiff was not served with the summons and complaint until September 19, 2005. With regard to the third fact, it is immaterial that Plaintiff's complaints in *Myers II* and *Myers III* stated the background fact that Defendants *attempted* to serve Plaintiff with the complaint on April 21, 2005. The basis of Plaintiff's claim in *Myers III* is the fact that Defendants did in fact serve Plaintiff with the complaint on September 19, 2005.

**C. Identity Exists Between the Prior and Present Actions**

"Identity of causes of action means an identity of the facts creating the right of action and of the evidence necessary to sustain each action." *Mitchell*, 343 F.3d at 819 f. 6 (internal quotes

9

omitted) (citing *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)). Defendants fail to satisfy this element.

As explained by the Magistrate Judge, the issues presented in *Myers I* were whether: (1) Defendant Village violated Plaintiffs' right to due process under the Fifth Amendment; (2) Plaintiffs stated a property interest protected under the Fourteenth Amendment; (3) Plaintiffs' claim for adverse possession was res judicata; (4) Plaintiff Paul Myer had a right to recover damages for his inchoate dower interest; (5) Plaintiffs were entitled to compensation under Ohio's eminent domain laws; and (5) Plaintiff Diana Myers could make a prima facie case for discrimination based on race. In *Myers II*, this Court resolved whether: (1) Defendant Village violated Plaintiffs' equal protection and procedural due process rights under the Fourteenth Amendment; (2) Defendant Village illegally took Plaintiff's property in violation of rights guaranteed under the Fifth Amendment; and (3) Plaintiffs stated a claim under OHIO REV. CODE §729.06. In the present case, *Myers III*, Plaintiff seeks relief for alleged retaliation by Defendants when Plaintiff exercised protected activity under the First Amendment, and for failing to adequately train Defendant Rowe.

The identity of facts creating the right of action in *Myers I* and *Myers II* relate to the installation of a water main on Plaintiff and his spouse's property. In the instant litigation, Plaintiff only address the treatment he received as a result of advocacy in the installation of the water main. The evidence from *Myers I* and *Myers II* are not necessary to sustain the proof required to demonstrate retaliation or failure to train.

**IV. Conclusion**

10

For the reasons discussed herein, the Court adopts the Report & Recommendation of the Magistrate Judge in its entirety. Defendants motion for judgment on the pleadings is denied.

IT IS SO ORDERED.

                                                            s/ *David A. Katz*
                                                            DAVID A. KATZ
                                                            U. S. DISTRICT JUDGE